# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 980 | **DATE** | 6/2/2003 |
| **CASE TITLE** | USA vs. Richard Goodwin | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court denies defendant's motion for judgment of acquittal and his motion for a new trial. All other pending motions are terminated. The case remains set for sentencing on 6/3/03.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | Document Number |
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | JUN 0 6 2003 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | docketing deputy initials | 73 |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | U.S. DISTRICT COURT CLERK | | |
| OR | courtroom deputy's initials | | 03 JUN -5 PM 1:36 | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Case No. 02 CR 980 |
| ) | |
| RICHARD GOODWIN ) | |

**MEMORANDUM OPINION AND ORDER**

DOCKETED
JUN 6 - 2003

MATTHEW F. KENNELLY, District Judge:

Defendant Richard Goodwin, a previously convicted felon, was convicted by a jury of possession of a firearm in violation of 18 U.S.C. §§922(g)(1) & 924(e)(1). Goodwin has filed a motion for judgment of acquittal and a motion for new trial. For the reasons stated below, the Court denies both motions.

**1.  Sufficiency of the evidence**

Viewing the evidence in the light most favorable to the government, as the Court is required to do when considering a post-trial motion, there was sufficient evidence for a jury to find beyond a reasonable doubt that the government had established each of the elements of the offense of possession of a firearm by a felon. First, the jury reasonably could find beyond a reasonable doubt that the testifying police officers accurately identified Goodwin as the man they saw with a gun and then chased to the apartment of Margie Madison, where Goodwin was arrested. Second, the jury reasonably could find beyond a reasonable doubt that the gun had been manufactured outside of Illinois and thus necessarily had traveled in interstate commerce.

**2.  Constitutional issues**

The Court has previously considered and rejected Goodwin's argument that the

indictment did not sufficiently allege the interstate commerce element and if the Court found otherwise, then the felon-in-possession statute exceeds Congress' powers under the Commerce Clause of the Constitution, as well as his argument that the statute violates the Second Amendment. The Court likewise rejected Goodwin's proposed "elements" jury instruction which incorporated his view of the proper scope of the Commerce Clause. Goodwin has now renewed these arguments and challenges the rejection of the proposed instruction. The Court rejects these argument for the reasons previously stated.

3.  **Cross examination of Officer Steven Sautkus**

The Court likewise rejects, for the reasons previously stated on the record, Goodwin's argument that he should have been allowed to cross-examine Chicago Police Officer Steven Sautkus, a government witness, regarding a complaint involving a prior arrest of another individual. The matter had no bearing on Sautkus' credibility.

4.  **Testimony of Margie Madison**

The Court rejects Goodwin's argument that we erred in ruling that Margie Madison could testify that she had seen Goodwin with the firearm in question on an earlier occasion and that she had seen another man, Willie Curry, shoot Goodwin a few weeks before the arrest. In his statement to the police that was admitted in evidence, Goodwin said that he had the gun because he planned to take revenge on Curry for shooting him; Madison's testimony (along with medical records) corroborated this alleged motive as well as the testimony regarding Goodwin's statement, and its probative value significantly outweighed the possibility of unfair prejudice to Goodwin. Madison's testimony about Goodwin's prior possession of the gun was relevant to show his ownership of the weapon, which bore on his possession of the same gun on the date at

issue in the felon in possession charge, and it was not *unfairly* prejudicial to Goodwin.

## 5. Proposed rebuttal testimony

Goodwin proposed to offer at trial testimony by Curtis Yonker, an investigator for the Cook County Public Defender's Office, that when he interviewed Margie Madison on September 17, 2002, she told him that on the day of the alleged offense, Goodwin had come to her apartment around 3:00 p.m. and was arrested around 5:00 p.m. This was inconsistent with Madison's testimony at trial that Goodwin had arrived at her apartment at 5:00 p.m., out of breath and said that the police were after him.

When it became clear that Goodwin planned to call Yonker to testify, the government announced its intention to call in rebuttal ATF Agent Susan Bray, who would testify that when she interviewed Madison on September 19, 2002, Madison gave a story that was consistent with her testimony at trial. Goodwin argued that Bray's testimony was inadmissible because it amounted to evidence of an prior consistent statement by the witness outside the limited scope of admissibility for such statements under Federal Rule of Evidence 801(d)(1)(B), which provides that a out of court statement is admissible if it is "consistent with the declarant's testimony [at trial] and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive." The Court rejected this argument and ruled that if Yonker was called by the defense, Bray could testify in rebuttal. After the Court made this ruling, Goodwin elected not to call Yonker to testify. He now challenges the Court's ruling as an erroneous one that essentially forced him not to call Yonker to avoid the unfair prejudice that he says would have resulted from Bray's rebuttal testimony.

Having decided not to call Yonker, Goodwin is not entitled to challenge this ruling post-

3

trial. In *United States v. Wilson*, 307 F.3d 596 (7th Cir. 2002), the Seventh Circuit held that the rule of *Luce v. United States*, 469 U.S. 38 (1984) – that a defendant who loses an *in limine* challenge to admissibility on cross-examination of his prior conviction but then chooses not to testify cannot raise the issue on appeal – applies in the type of situation present here. In *Wilson*, the defendant wanted to call an FBI agent to testify about a part of a post-arrest statement by the defendant, specifically the defendant's claim that in connection with a supposedly fraudulent wire transfer, he had been working with an associate on a real estate project that led to the transfer. The trial court ruled that if defendant elicited this testimony, the government would be able to adduce evidence that the defendant had refused to name the associate or provide details. After the court ruled, the defendant decided not to offer the testimony about his statement. On appeal, the Seventh Circuit held that defendant had forfeited the right to challenge the trial court's ruling. It held that the ruling of admissibility of the rebuttal testimony was essentially a "conditional" ruling like the one at issue in *Luce* and that the rationale of *Luce* – that until the proponent's evidence actually comes in it is speculative that the rebuttal evidence will be introduced, and that a court cannot assume that its evidentiary ruling actually prompted the defendant's decision not to offer the testimony – applies beyond *Luce's* specific context. *Wilson*, 307 F.3d at 600-01. The same is true here.

In any event, though the issue was a close one, the Court does not believe that it erred. Goodwin correctly argues that a consistent statement offered under Rule 801(d)(1)(B) must have been made before the alleged motive to fabricate arose. *See, e.g., United States v. Anderson*, 303 F.3d 847, 858-59 (7th Cir. 2002). But in this case Goodwin never articulated when Madison's purported motive to fabricate arose, or even what it was. The Court reasonably inferred that

4

because Madison's statement to Bray had been made only two days after her statement to Yonker, it likely predated any alleged motive (for example, there was no indication that Madison had been approached or importuned by anyone in the interim).

## Conclusion

For the foregoing reasons, the Court denies defendant's motion for judgment of acquittal and his motion for new trial. All other pending motions are terminated. The case remains set for sentencing on June 3, 2003.

MATTHEW F. KENNELLY
United States District Judge

Date: June 2, 2003